UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RALPH K. FREEMAN, ) | |
| ) | Case No. 1:09-CV-324 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| WAL-MART STORES, INC., ) | |
| WAL-MART-STORES EAST, LP, and ) | |
| WILLIAM HENRY WALKER, SR. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Wal-Mart Stores, Inc., Wal-Mart Stores East, LP (collectively "Defendant Wal-Mart"), and William Henry Walker ("Defendant Walker") (all parties collectively "Defendants") (Court File No. 28). Plaintiff Ralph K. Freeman ("Plaintiff"), proceeding *pro se*, filed a motion to deny dismissal, which the Court construes as a response (Court File No. 35). For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss (Court File No. 28). Defendants Wal-Mart Stores, Inc., and Walker will be **DISMISSED**. The case against Wal-Mart Stores East, LP, will proceed.

**I.   RELEVANT FACTS**

According to Plaintiff's original complaint, which has been replaced and incorporated into the amended complaint, a Wal-Mart greeter, Defendant Walker, engaged in racial profiling when he assaulted Plaintiff at the Collegedale, Tennessee, Wal-Mart on Christmas Eve in 2008 (Court File No. 1). Plaintiff also alleges the incident received national media attention, and Defendant Walker fabricated certain details of the incident, which Defendant Wal-Mart failed to correct in the

media (Court File No. 1). He further alleges Defendant Wal-Mart negligently hired, trained, and supervised its employee, Defendant Walker, and negligently and intentionally inflicted emotional stress on Plaintiff.

Both Plaintiff and Defendant Walker are Tennessee residents (Court File No. 1). Defendant Wal-Mart Stores, Inc., is a Delaware corporation with its principle place of business in Arkansas (Court File No. 1). Defendant Wal-Mart East, LP, is a Delaware partnership (Court File No. 29).

After filing the original complaint, Plaintiff failed to have summons issued for Defendants. Despite the lack of summons, Defendant Wal-Mart Stores, Inc., answered the complaint shortly thereafter (Court File No. 4). Plaintiff amended his original complaint to join Defendant Wal-Mart Stores East, LP (Court File No. 24). After the amended complaint had been filed, Plaintiff had summons issued and served on Defendant Wal-Mart Stores East, LP.

## II. STANDARD OF REVIEW

Defendants seek a dismissal pursuant to Fed. R. Civ. P. 12(b)(1) as they allege the Court lacks subject matter jurisdiction over this action. In order to survive a motion to dismiss based on a lack of subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction is proper. *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007). When reviewing a facial attack, such as this, a district court takes the allegations in the complaint as true. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007).

## III. DISCUSSION

Defendants filed this motion, arguing the complaint should be dismissed due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), insufficient process pursuant to Fed. R. Civ. P. 12(b)(4), and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff seeks to voluntarily dismiss Defendant Walker and Wal-Mart Stores, Inc., under Fed. R. Civ. P. 41.

**A. Voluntary Dismissal of Defendants Walker and Wal-Mart Stores, Inc.**

Pursuant to Fed. R. Civ. P. 41, Plaintiff seeks to voluntarily dismiss Defendants Walker and Wal-Mart Stores, Inc. (Court File. No. 35). Because Defendants have already filed an answer to Plaintiff's motion, Fed. R. Civ. P. 41(a)(2) applies, which requires leave of the Court. Since Defendants do not contest Plaintiff's motion and the Court finds a voluntary dismissal would not prejudice Defendants, voluntary dismissal is appropriate here. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Defendants Walker and Wal-Mart Stores, Inc., will be dismissed without prejudice from this action.

**B. Subject Matter Jurisdiction**

Defendants seek dismissal of the complaint due to lack of subject matter jurisdiction. This action is in federal court through diversity jurisdiction, which requires the controversy to be between citizens from two different states. 28 U.S.C. § 1332. For proper diversity jurisdiction to exist, there must be complete diversity between all opposing parties. *Curry v. U.S. Trans., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). In other words, diversity is destroyed if one defendant resides in the same state as one plaintiff. Although both Plaintiff and Defendant Walker are residents of Tennessee, which would destroy diversity jurisdiction, the Court can dismiss a non-diverse, dispensable party in order to retain diversity jurisdiction. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540,

545 (6th Cir.1994). Since Defendant Walker has been dismissed from this action pursuant to Fed. R. Civ. P. 41, there is complete diversity between all remaining parties.

The Court retains subject matter jurisdiction through the complete diversity of Plaintiff and Defendant Wal-Mart Stores East, LP. Because the Court has subject matter jurisdiction over the action, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

**C. Insufficient Service of Process**

Defendant Wal-Mart Store East, LP, argues Plaintiff's complaint should be dismissed due to insufficient service of process. Plaintiff added Defendant Wal-Mart Stores East, LP, in the Amended Complaint filed on March 29, 2010 (Court File No. 24). Defendant states the Plaintiff's service of process by regular mail is insufficient under Fed. R. Civ. P. 4(e) because Plaintiff served Defendant Wal-Mart Stores East, LP, by regular mail instead of certified mail.

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for "insufficiency of service of process." A plaintiff is responsible for having the summons and complaint served in accordance with provisions of Fed. R. Civ. P. 4 and within the time allowed by Fed. R. Civ. P. 4(m). "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

While Plaintiff did not correctly serve Defendant Wal-Mart Stores East, LP, by certified mail, the 120 days allotted by Fed. R. Civ. P. 4(m) to serve summons on a defendant has not passed. Accordingly, the Court will not dismiss Plaintiff's complaint at this time but will direct Plaintiff to properly serve Defendant Wal-Mart Stores East, LP, by August 27, 2010.

**IV. CONCLUSION**

Because the Court has proper subject matter jurisdiction, the Court will **DENY IN PART** Defendant's motion to dismiss (Court File No. 28). The Court will **DISMISS** Defendants Walker and Wal-Mart Stores, Inc., from the case. Furthermore, the Court will **DIRECT** Plaintiff to perfect service on Defendant Wal-Mart Stores East, LP, by August 27, 2010.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**